United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERWOVEN, INC., | No. C 10-4645 RS |
| Plaintiffs, | |
| v. | |
| VERTICAL COMPUTER SYSTEMS, INC., | |
| Defendant. | |
| SAMSUNG ELECTRONICS, LTD, et al., | No. C 11-0189 RS |
| Plaintiffs, | **ORDER DENYING VERTICAL'S RENEWED MOTION TO TRANSFER INTERWOVEN ACTION; GRANTING VERTICAL'S MOTION TO TRANSFER SAMSUNG ACTION** |
| v. | |
| VERTICAL COMPUTER SYSTEMS, INC., | |
| Defendant. | |

## I. INTRODUCTION

This Order addresses two motions brought by Vertical Computer Systems ("Vertical") in two separate cases. Vertical is the defendant in two declaratory judgment actions and now moves to transfer venue in both matters to the Eastern District of Texas. These suits were filed separately in this District by two separate sets of plaintiffs. The first suit was brought by Interwoven, Inc. and the

second, by Samsung Electronics, Ltd. and Samsung Electronics America (collectively, "Samsung"). Vertical also has filed an infringement action in the Eastern District of Texas against Interwoven, the Samsung plaintiffs, and others. In the interest of clarity, Vertical's two motions are addressed in a single Order. Vertical's motions were taken under submission without oral argument, pursuant to Civil Local Rule 7-1(b).

Defendant Vertical moves to dismiss plaintiff Interwoven's Complaint for failure to state a claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6) (the case is captioned *Interwoven, Inc. v. Vertical Computer Systems*, C 10-4645 RS). In the alternative, Vertical renews its motion to transfer the matter to the Eastern District of Texas in light of the parallel patent infringement case venued in Texas. On January 24, 2011, this Court denied Vertical's initial transfer request. This motion followed. Subsequent to the filing of Vertical's Rule 12(b)(6) motion, Interwoven amended its complaint. Vertical answered, mooting the motion to dismiss. Accordingly, this Order addresses, once again, the question of whether transfer is warranted.

After Interwoven filed the instant declaratory judgment in October of 2010, and after Vertical filed its patent infringement suit in the Eastern District of Texas in November, the Samsung parties filed a declaratory judgment action against Vertical in this district (*Samsung Electronics, Ltd. v. Vertical Computer Systems, Inc.*, C 11-0189 RS). In the interest of coherent management of these various and overlapping cases and parties, this Court related the Samsung infringement suit to this action. Vertical also separately moves to dismiss, stay or transfer venue to the Eastern District of Texas of the declaratory judgment action brought by Samsung. Samsung filed its declaratory judgment suit on January 12, 2011 in this district. Vertical asks this Court to honor the presumption favoring the first-filing party, to recognize that convenience and efficiency factors favor litigation in the Eastern District of Texas, and to transfer venue.

## II. FACTUAL & PROCEDURAL SUMMARY

1. Interwoven Background

Interwoven filed its declaratory judgment action on October 14, 2010 in the Northern District of California. On November 15, 2010, Vertical filed suit, alleging infringement of two

patents—United States Patent Numbers 6,826,744 ("'744 patent") and 7,716,629 ("'629 patent")—against Interwoven and several other defendants in the Eastern District of Texas. The patents "describe[] and claim[] a method for generating computer applications on a host system in an arbitrary object framework." (Def.'s Mot. to Transfer Samsung at 5:20-21.)

On January 24, 2010, this Court denied Vertical's first motion to dismiss or transfer Interwoven's suit to the Eastern District of Texas. Finding that convenience factors did not strongly favor either litigation in Texas or California, that neither district court was more familiar with the subject matter, and rejecting Vertical's suggestion that Interwoven's suit was improperly anticipatory, that Order honored the first to file presumption and denied Vertical's transfer motion. Vertical asks that the Court revisit that finding, particularly in light of the fact that Samsung has now filed a declaratory judgment suit of its own in this District.

2. Samsung Background

Vertical's infringement suit filed in the Eastern District of Texas alleges that Samsung infringes the subject patents through its manufacture, importation and sale of cellular telephones operating an Android system. Samsung's suit in California seeks a declaratory judgment of non-infringement. Roughly around the time of the hearing on Vertical's motion to dismiss or transfer Interwoven's declaratory judgment Complaint, this Court learned that the Samsung companies had filed a declaratory judgment action of their own in this district. This Court then related Samsung's suit to Interwoven's, pursuant to Civil Local Rule 3-12, and the instant motion duly followed.

Vertical maintains its principal place of business in Richardson, Texas, which is located within the Eastern District of Texas. Until 2003, Vertical was based in Los Angeles, California, and at least two senior employees continue to operate out of this state. These employees work out of their respective homes, and the company does not maintain any official offices within the State. The employees Vertical characterizes as material witnesses, however, all reside in Texas, and most of them specifically within the Eastern District of Texas. Vertical insists that the bulk of all other witnesses and documents relevant to the patents are located near its headquarters in Richardson.

Samsung Electronics, Ltd. is a corporation organized under the laws of the Republic of Korea. Samsung Electronics America is a New York corporation with its principal place of business in New Jersey. It does not claim to operate any offices in California, or maintain documents within this state. Samsung does note, however, that the phones and tablet computers it manufactures use an Android operating system, which was developed and distributed by Google, headquartered in the Northern District of California. Accordingly, Samsung surmises that at least some documents and material witnesses potentially relevant to its alleged acts of infringement are located within this district. Samsung also makes the rather weak observation that California is geographically closer than Texas to Korea, where Samsung researches and manufactures its Android-powered products. Samsung does acknowledge, however, that witnesses and documents relevant to defending its suit are also located in Texas. STA, a Delaware corporation headquartered in Richardson, apparently purchases the accused phones and computers from Korea, and is responsible for the importation of Samsung products to the United States. In other words, the accused product's point of entry into the United States is the Eastern District of Texas. That company also markets and sells Samsung's products to wireless carriers and, accordingly, witnesses and documents relevant to importation, marketing and sales of Samsung's accused products are located in that judicial district.

### III. LEGAL STANDARD

The Federal Circuit defines "parallel actions" as "co-pending patent infringement and declaratory judgment actions involving the same patents and the same parties." *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004). As between two parallel suits, the Federal Circuit has emphasized that the "first-filed action is preferred . . . 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Serco Servs. Co. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (*quoting Genetech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)). The preference is a starting point: "the trial court's discretion

1  tempers the preference for the first-filed suit, when such preference should yield to the forum in
2  which all interests are best served." *Serco*, 51 F.3d at 1039 (*quoting Genetech*, 998 F.2d at 938).
3  To determine which forum would best serve all interests, a court examines "the convenience and
4  availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the
5  possibility of consolidation with related litigation, or considerations relating to the real party in
6  interest." *Elec. For Imaging v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005). Finally, because
7  whether or not a party "intended to preempt another's infringement suit" is a relevant factor, a court
8  considers allegations that a first-filed suit is merely the product of inappropriate jockeying for a
9  favored forum.

## IV. DISCUSSION

### 1. Vertical's Renewed Motion to Transfer Interwoven Action

This Court has once before considered Vertical's motion to transfer the Interwoven action. The Order denying Vertical's motion noted that: (1) Interwoven's action was first filed; (2) that the convenience factors essentially were in balance; (3) that neither this Court nor its counterpart in Texas is better equipped to proceed; and (4) that no persuasive evidence suggests Interwoven's suit was improperly anticipatory. Accordingly, the Order denied Vertical's transfer motion. In its renewed motion, Vertical construes Interterwoven's voluntary amendment as a concession that the original Complaint failed to state a claim for relief. Vertical suggests the Court may therefore reexamine its finding that Interwoven qualifies as the first party to file. Vertical does not, however, introduce persuasive or binding legal authority to support its argument that the first to file rule is triggered only when the pleadings are finally established. In this district, courts have considered the relevant period as the date upon which the court acquires jurisdiction. *See, e.g.*, *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 958 (N.D. Cal. 2008). Here, that date is October 14, 2010.

Also in support of its renewed transfer request, Vertical suggests that even if Interwoven did file first, and even though the convenience factors are in balance, the interests of judicial economy are served best where parallel cases are tried before the same tribunal, even if that entails eschewing

the first to file rule. *In re Aliphcom*, 2011 U.S. App. LEXIS 2604 (Fed. Cir. Feb. 9, 2011).[1]
Vertical characterizes *Aliphcom* as a "new" pronouncement from the Federal Circuit standing for the proposition that the interests of judicial economy are *paramount* and *must* outweigh the first to file presumption.[2]

In *Aliphcom*, the Federal Circuit upheld a district court's transfer of a first-filed declaratory judgment action from the Northern District of California to the Eastern District of Texas, the site of a parallel infringement suit. As is true here, neither district was obviously more convenient. The district court reasoned, however, that the interests of judicial economy would, under the circumstances presented there, be better served if the declaratory judgment suit was heard in Texas. *See Aliphcom v. Wi-Lan, Inc.*, No. 10-02337, 2010 WL 4699844, at *2 (N.D. Cal. Nov. 10, 2010). The district court's decision was at least in part driven by the fact that the companion infringement action was older (the patent infringement plaintiff in Texas apparently amended its complaint to add the declaratory judgment plaintiff) and that the presiding judge was already invested in the suit. In addition, the same Texas judge was also presiding over yet another infringement action involving the same patent and technology. That case had already proceeded through claim construction and was nearing trial. On appeal, the Federal Circuit held that the district court did not abuse its discretion when it found that judicial economy—and, in particular, the avoidance of inconsistent results—can be cause to reject the first to file presumption. This is not a controversial point, nor does it introduce a factor not already considered by this Court in its prior Order.[3] As noted therein,

---

[1] *Aliphcom* is not a precedential opinion. Pursuant to Federal Circuit Rule 32.1, such decisions are determined by the issuing panel as not adding significantly to the body of law. Non-precedential Federal Circuit decisions may be cited and relied upon for persuasive authority, but are not binding precedent. *Id.*

[2] The Federal Circuit has used the term "paramount" when describing the importance courts considering transfer motions ascribe to judicial economy. *See In re Vistaprint*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). If *Vistacom* stands for anything, however, it is that the transfer decision is inherently discretionary and driven by a case-by-case assessment of the specific facts and circumstances in a particular case. *Vistacom* rejected the argument that any single factor, be it economy or convenience, holds the most weight. *Id.*

[3] Although Vertical terms its motion a "renewed" motion to transfer, it is better described as a motion for reconsideration. In this district, a party must request leave of the Court before seeking that relief. The Local Civil Rules of the Northern District of California provide that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" any party may request leave to file a motion for reconsideration of an interlocutory order.

NO. C 11-0189 RS
ORDER

6

reliance on the first to file presumption made sense, in that litigation in either forum presented conveniences and inconveniences. As for judicial economy, both actions are in their infancy. Indeed, Interwoven has filed a similar, corresponding transfer motion before the district court in Texas.

As for "efficiency," the two cases were filed roughly one month apart, and there is no new reason advanced on which to conclude that the Texas district court has either substantially better familiarity or a deeper investment in the Vertical / Interwoven dispute. The one factor "favoring" Texas is that Vertical brought suit against additional defendants there. The prior Order pointed out, however, that as an initial matter, the addition of parties alone does not warrant the outright rejection of the first to file presumption, if for no other reason than because the rationale invites abuse (a later filing party, for example, would always be entitled to the forum of its choice merely by adding defendants). Additionally, what Vertical has now made clear through its renewed motion to transfer Interwoven's declaratory judgment action and its motion to transfer Samsung's declaratory judgment suit, is that Vertical's infringement claims involve defendants with products separate and distinct from those of Interwoven. As Vertical emphasized in its Motion to Transfer or Dismiss Samsung's Declaratory Judgment Complaint, "[t]he accused products of Samsung are not similar to the Interwoven accused product."

As far as the Court can discern, Vertical is not alleging the three defendants conspired to infringe Vertical's patents or were otherwise engaged in joint action of any kind. Vertical is presumably correct that, regardless of this Court's decision to keep or transfer the Interwoven initiated action, Vertical will nonetheless proceed in the Eastern District of Texas against the Samsung and LG defendants. This also means these matters could and perhaps *should* be considered separate suits. *See, e.g.*, *Finisar Corp. v. Source Photonics*, No. 10-0034, slip op. at 2 (N.D. Cal. May 5, 2010) (severing single suit into separate suits where plaintiff brought

---

N.D. Cal., Civil L.R. 7-9(a). Local Rule 7-9 (b)(2), for example, permits reconsideration of an interlocutory order where there has been, "a change of law occurring after the time of such order." As explained above, *Aliphcom* represents neither binding authority, a sea change in the law, nor an instruction to consider a factor not already weighed by this Court.

infringement action against four separate entities who manufactured different products). In other words, the question of whether each defendant's product infringes Vertical's intellectual property rights requires individual assessment, thereby reducing the chance or danger of inconsistent results.[4] Indeed, it is not at all obvious that transfer to Texas would actually serve the interests of judicial economy any more or less than would, for example, the severance of Vertical's claims against Interwoven in Texas to be brought as counterclaims in California. In other words, Vertical has not persuasively shown that the balance of factors favors transfer to Texas and the prior Order's decision to deny that requested relief as to C 10-4645 RS remains in place.

   2. Vertical's Motion to Transfer Samsung Action

Vertical and Samsung agree that the Court should honor the first to file presumption. Interestingly, both parties assert that its action represents the first-filed Complaint. Vertical plainly is the only party who can claim that title in this particular instance. Although Samsung suggests the Court should consider the date on which Interwoven filed a declaratory judgment suit, it presents no legal or even logical authority for that proposition. Vertical also has the better argument as to convenience factors, the interests of judicial economy (and, in particular, the avoidance of inconsistent results). On account of witness and document location, it would obviously be more convenient for Vertical if the suit were litigated in Texas. As to Samsung (unlike Interwoven), there is ample reason to believe litigation in Texas would actually be *more* convenient than it would be in this district. Samsung, after all, has substantial ties to the Eastern District of Texas (apparently, the accused products themselves enter the United States through that district), and houses documents and witnesses relevant to this litigation there.

As to efficiency, a district court in Texas is presiding over Vertical's infringement suit against the Samsung plaintiffs. All that is before this Court is a declaratory judgment action brought by a separate plaintiff against Vertical. As Vertical is quick to acknowledge, Samsung's products are distinct from Interwoven's. It is simply not persuasive, as Samsung argues, that it would be a

---

[4] While Vertical's infringement claims against Interwoven, Samsung and LG might qualify as *related* cases, they need not be consolidated to avoid contradictory results or doubled fact-finding efforts.

better use of resources and would stem the risk of inconsistent results for this Court to hear both declaratory judgment actions.[5]  For all these reasons, transfer of Samsung's declaratory judgment suit to the Eastern District of Texas is warranted and Vertical's motion, with respect to C 11-0189 RS, is therefore granted.

IT IS SO ORDERED.

Dated: 5/2/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[5] Samsung relies heavily on the fact that this Court related its declaratory judgment action to that brought by Interwoven and then scheduled a Case Management Conference in both suits on the same day.  Insofar as Samsung relies on the relation to suggest this Court has made a finding that the products are identical or the suits are subject to consolidation, it is mistaken.  As to the Case Management Conferences, they were coordinated as a courtesy to an out of state defendant.